IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE SUBOXONE (BUPRENORPHINE HYDROCHLORIDE AND NALOXONE) ANTITRUST LITIGATION | MDL NO. 2445<br><br>Master File No. 2:13-MD-02445-MSG |
| THIS DOCUMENT RELATES TO: | |
| *United Food and Commercial Workers Health and Welfare Fund of Northeastern Pennsylvania v. Reckitt Benckiser, Inc., et al.* | No. 2:13-cv-03229-MSG (E.D. Pa.) |
| *Meridian Health Plan Of Michigan, Inc., v. Reckitt Benckiser Group Plc, et al.* | No. 2:13- cv-01594-MSG (E.D. Pa.) |
| *Painters District Council No. 30 Health and Welfare Fund v. Reckitt Benckiser, Inc., et al.* | No. 2:13-cv-03450-MSG (E.D. Pa.) |
| *A.F. of L. - A.G.C. Building Trades Welfare Plan v. Reckitt Benckiser, Inc., et al.* | No. 2:13-cv-03545-MSG (E.D. Pa.) |
| *Michigan Regional Council of Carpenters Employee Benefits Fund, v. Reckitt Benckiser Group Inc., et al.* | No. 2:13-cv-01808-MSG (E.D. Pa.) |
| *I.B.E.W. 292 Health Care Plan v. Reckitt Benckiser, Inc., et al.* | No. 2:13-cv-02454-MSG (E.D. Pa.) |
| *Teamsters Health Services and Insurance Plan Local 404 v. Reckitt Benckiser, Inc., et al.* | No. 2:13-cv-03451-MSG (E.D. Pa.) |
| *Construction & General Laborers' Local 190 Welfare Fund v. Reckitt Benckiser, Inc., et al.* | No. 2:13-cv-04430-MSG (E.D. Pa.) |
| *New York Hotel Trades Council & Hotel Assoc. of New York City, Inc. Health Benefits Fund v. Reckitt Benckiser, Inc., et al.* | No. 2:13-cv- 03381-MSG (E.D. Pa.) |

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE SUBOXONE (BUPRENORPHINE HYDROCHLORIDE AND NALOXONE) ANTITRUST LITIGATION | MDL NO. 2445<br><br>Master File No. 2:13-MD-02445-MSG |

**DEFENDANTS' OPPOSITION TO END-PAYOR PLAINTIFFS' MOTION TO STRIKE**

Defendants Reckitt Benckiser, Inc.; Reckitt Benckiser LLC; Reckitt Benckiser Pharmaceuticals, Inc.; Reckitt Benckiser Healthcare (UK) Ltd.; and Reckitt Benckiser Group plc (collectively, "Defendants"), by special appearance through undersigned counsel, respectfully oppose the End-Payor Plaintiffs' Motion to Strike Defendants' Appendices (Dkt. No. 61). In support of their Opposition, Defendants state:

1. Defendants' Motion to Dismiss (Dkt. No. 57), Memorandum in Support (Dkt. No. 57-1), and Exhibits (Dkt. Nos. 57-2 to 57-9) are entirely proper. All of the arguments in support of dismissal are contained in the Motion and the Memorandum in Support, with citations to leading authorities. Exhibits B-E simply provide a state-by-state tracking of these arguments for the convenience of the Court, *with specific cross-reference to the relevant sections of the Memorandum* containing Defendants' arguments. Filing such tables as exhibits or appendices is routine in indirect purchaser antitrust litigation, both in the Eastern District of Pennsylvania and elsewhere. *See* App'ces A-B to Def.'s Mot. to Dismiss, *In re Flonase Antitrust Litig.*, No. 2:08-cv-3301-AB (E.D. Pa. Oct. 17, 2008) (*see* ECF No. 27) (approximately 24 pages of state-specific tables) (attached in relevant part as Exhibit A); *see also, e.g.*, Exhs. A-M to Defs.' Mot. to Dismiss, *In re Auto. Parts Antitrust Litig.*, No. 12-md-2311 (E.D. Mich. Feb. 7, 2012) (*see* ECF No. 230) (approximately 22 pages); App'ces A-D to Defs.' Memo. in Supp. of Mot. to Dismiss, *In re Plasma-Derivative Protein Therapies Antitrust Litig.*, No. 09-cv-7666 (N.D. Ill. Apr. 22,

2011) (*see* ECF No. 354) (approximately 16 pages); App'x to Defs.' Mot. & Memo. to Dismiss, *In re New Motor Vehicles Canadian Export Antitrust Litig.*, No. 03-md-1532 (D. Me. June 10, 2004) (*see* ECF No. 122) (approximately 40 pages).[1]  The use of such tables is especially appropriate here, where the End-Payor Plaintiffs assert a total of 136 separate claims under the laws of 51 different jurisdictions.

2.    The End-Payor Plaintiffs and their counsel are well aware of the customary use of state-specific appendices in general, and of the use of such appendices in the Eastern District of Pennsylvania in particular.  Some End-Payor Plaintiffs and several of their counsel were, respectively, parties to or participants in *In re Flonase Antitrust Litigation*, where similar tables were utilized before Judge Brody.  (*See* Exhibit B (relevant portion of *Flonase* Docket sheet).)  End-Payor Plaintiffs did not object to the use of such tables in *Flonase*.

3.    Nor did End-Payor Plaintiffs raise this issue when they received Defendants' Motion eleven days ago.  Instead, End-Payor Plaintiffs sought—*and obtained*—Defendants' consent for an additional 15 pages for their response.  (Dkt. No. 60.)  Only after obtaining this courtesy from Defendants did the End-Payor Plaintiffs initially raise the issue of the appendices.  Such strategic gamesmanship should not be countenanced.

---

[1] In violation of E.D. Pa. Loc. R. 7.1(c), End-Payor Plaintiffs did not file a brief or cite to any authorities in support of their motion.  The cases above demonstrate that the motion is unsupported.  *See, e.g.*, Minute Entry, *In re Plasma-Derivative Protein Therapies*, No. 09-cv-7666 (N.D. Ill. Jan. 9, 2012) (Dkt. No. 407) (denying motion to strike because "the court finds that the appendices do not constitute impermissible additional briefing.  Moreover, San Mateo has not identified any new argument made in these appendices . . . .").  End-Payor Plaintiffs also neglected to cite the legal standard governing their motion.  That omission is understandable: "[M]otions to strike generally are disfavored.  Indeed, striking a pleading 'is a drastic remedy to be resorted to only when required for the purposes of justice' and should be used 'sparingly.'" *Dela Cruz v. Press*, 521 F. Supp. 2d 424, 428 (E.D. Pa. 2007) (citation omitted).

4. Moreover, End-Payor Plaintiffs' Motion makes several misstatements. For example, End-Payor Plaintiffs contend that "Exhibits A through E consist of 39 pages . . . . It is inappropriate for the Defendants to submit essentially double the amount of briefing permitted by the Court." (Dkt. No. 61 at 2-3.) This is flatly inaccurate. Exhibit A consists of a table of authorities, which never counts against the page limitations of any brief. And excluding slip-sheets, Exhibits B through E total only 19 pages—less than half of what the End-Payor Plaintiffs claim, and less than the number of pages in the corresponding sections of the Memorandum. (*See* Defs.' Memo. in Supp. of Mot. to Dismiss (Dkt. No. 57-1) at §§ I.C-II (pp. 11-31).)

5. Regardless, if the Court does find Defendants' appendices to be contrary to the page limits set forth by Pretrial Order No. 2, the "drastic" and "disfavored" remedy of striking would not be appropriate. *Dela Cruz*, 521 F. Supp. 2d at 428. As before, Defendants remain willing to consent to the End-Payor Plaintiffs having additional pages to respond to the tables.

6. In sum, Defendants regret that this matter had to come to the Court's attention in this manner. For the reasons above, Defendants submit that their filing was entirely in accord with the practices of indirect purchaser antitrust litigation in general, and this jurisdiction in particular. Nonetheless, had the End-Payor Plaintiffs sought to discuss this matter with Defendants rather than rush to Court only two hours after initially contacting Defendants (*see* Exhibit C (email contacting Defendants at 10:27 am); Dkt. No. 61 (filed at 12:39pm); Exhibit D (Defendants' response at 2:31pm)), Defendants would have provided the professional courtesy of a reasonable accommodation—as they have in the past. End-Payor Plaintiffs refuse to provide Defendants the same courtesy.

WHEREFORE, Defendants respectfully request that the Court deny End-Payor Plaintiffs' Motion to Strike Defendants' Appendices.

| | |
|---|---|
| Dated: September 27, 2013 | **Respectfully submitted,** |
| | /s/ Kevin D. McDonald |
| Thomas Demitrack | Kevin D. McDonald |
| Brett Bell | Mark R. Lentz |
| JONES DAY | JONES DAY |
| North Point | 51 Louisiana Avenue, NW |
| 901 Lakeside Avenue | Washington, DC 20001 |
| Cleveland, Ohio 44114-1190 | Telephone: (202) 879-3939 |
| Telephone: (216) 586-3939 | Facsimile: (202) 626-1700 |
| Facsimile: (216) 579-0212 | E-mail: kdmcdonald@jonesday.com |
| E-mail: tdemitrack@jonesday.com | E-mail: mrlentz@jonesday.com |
| E-mail: bbell@jonesday.com | |
| | Kimberly A. Brown |
| | JONES DAY |
| | 500 Grant Street, Suite 4500 |
| | Pittsburgh, PA 15219 |
| | Telephone: (412) 391-3939 |
| | Facsimile: (412) 394-7959 |
| | E-mail: kabrown@jonesday.com |

*Counsel for Defendants Reckitt Benckiser Pharmaceuticals, Inc.; Reckitt Benckiser Inc.; Reckitt Benckiser LLC; Reckitt Benckiser Pharmaceuticals, Inc.; Reckitt Benckiser Healthcare (UK) Ltd.; and Reckitt Benckiser Group plc.*